IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD G. DANDAR )<br>      Petitioner, )<br>)<br>v. )<br>)<br>COMMONWEALTH, et al., )<br>      Respondents. ) | C.A. No. 06-302 Erie<br><br>District Judge McLaughlin<br>Magistrate Judge Baxter |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.     RECOMMENDATION**

It is respectfully recommended that the instant petition for writ of *habeas corpus* be dismissed for lack of jurisdiction, and that a certificate of appealability be denied.

**II.    REPORT**

### A.     Relevant Factual and Procedural History

On March 21, 1983, a jury empaneled by the Court of Common Pleas of Erie County convicted Petitioner at Criminal Docket Nos. 1462 through 1467 of 1982 of various crimes, including criminal attempt, unsworn falsifications, tampering with records, forgery, theft by deception, and criminal attempt at forgery. On August 31, 1983, the Honorable William E. Pfadt sentenced him to an aggregate period of incarceration of 15 to 30 years plus 30 years probation. He received his probation sentences on the convictions at Criminal Docket Nos. 1465, 1466, and 1467 of 1982.

On or around July 23, 2002, Petitioner (who was on parole at the time) filed with this court a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he challenged his August 31, 1983 judgment of sentence. That petition was docketed at Civil Action No. 02-222 (Erie) and assigned to the Honorable Sean J. McLaughlin. On June 9, 2005, this Court issued a Report and Recommendation recommending that the petition be dismissed as untimely under the statute of limitations set forth in The Antiterrorism and Effective Death Penalty Act of 1996

("AEDPA") and that a certificate of appealability be denied.  On July 27, 2005, Judge McLaughlin adopted the Report and Recommendation as the Opinion of the Court, dismissed the petition, and denied a certificate of appealability.

In the meantime, Petitioner was recommitted as a technical parole violator and, in addition, faced revocation of his sentences of probation that he had received at Criminal Docket Nos. 1465 and 1467 of 1982.  On February 5, 2004, the Honorable William R. Cunningham presided over a probation revocation hearing.  The next day, on February 6, 2004, Judge Cunningham issued an order revoking the sentences of probation and sentencing Petitioner to substantial terms of imprisonment.

On or around December 27, 2005, Petitioner initiated in this court a habeas corpus action in which he challenged his February 6, 2004, probation revocation judgment of sentence.  That action was docketed at Civil Action No. 05-472 (Johnstown) and assigned to Judge McLaughlin, who referred the case to this Court.  This Court has issued a Report and Recommendation recommending that that petition be denied as untimely and procedurally barred, and that a certificate of appealability be denied.

In February 2006, Petitioner filed another habeas corpus petition in this court.  That action was docketed at Civil Action No. 06-46 (Erie), and assigned to Judge McLaughlin.  In that petition, he challenged his August 31, 1983, judgment of sentence – the same judgment of sentence that he previously challenged in this court at Civil Action No. 02-222 (Erie).  Additionally, in that same petition it appeared that he also was challenging his February 6, 2004, probation revocation judgment of sentence – the same judgment of sentence that he previously challenged in this court at Civil Action No. 05-472 (Johnstown).  This Court has issued a Report and Recommendation recommending that that petition be dismissed because it was a second or successive petition.  28 U.S.C. § 2244(b).  As set forth below, this petition should be dismissed for that same reason.

### B. Discussion

In the instant petition, which Petitioner filed on or around December 2006, he is once again challenging his August 31, 1983, judgment of sentence and his February 6, 2004, judgment of

2

sentence. Because this is, at least, the third federal habeas corpus petition in which Petitioner has challenged those judgments of sentences, this petition is subject to the authorization requirements set out at 28 U.S.C. § 2244(b).

In pertinent part, § 2244(b) mandates that before filing a second or successive habeas corpus petition, a petitioner must obtain an order from the court of appeals authorizing the district court to consider the petition. 28 U.S.C. §2244(b)(3)(A). Once a petitioner moves for authorization to file a second or successive petition, a three-judge panel of the court of appeals must decide within thirty days whether there is a prima facie showing that the application satisfies § 2244's substantive requirements, which are set forth in § 2244(b)(2). See U.S.C. § 2244(b)(3)(C). This allocation of "gatekeeping" responsibilities to the courts of appeals has divested district courts of jurisdiction over habeas petitions that are second or successive filings. Burton v. Stewart, __ U.S. __, 127 S.Ct. 793, 794-99, 166 L.Ed.2d 628 (2007)

A review of the computerized dockets of the Court of Appeals for the Third Circuit Court shows that Petitioner has not sought nor received from it permission to file a second or successive petition. Therefore, the instant habeas petition must be dismissed because this court lacks jurisdiction. Burton, 127 S.Ct. at 794-99.

### C. Certificate of Appealability

Section 102 of the Antiterrorism and Effective Death Penalty Act (28 U.S.C. § 2253 (as amended)) codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Amended Section 2253 provides that "[a] certificate of appealability may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." In Slack v. McDaniel, 529 U.S. 473, 474 (2000), the Supreme Court stated that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Applying this standard

here, jurists of reason would not find it debatable whether the instant petition is a second or successive petition.  Accordingly, a certificate of appealability should be denied.

### III.     CONCLUSION

For the foregoing reasons, it is respectfully recommended that the instant petition for writ of habeas corpus be dismissed for lack of jurisdiction, and that a certificate of appealability be denied.

In accordance with 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrate Judges, Petitioner is allowed ten (10) days from the date of service to file written objections to this Report and Recommendation.  Failure to file timely objections may constitute a waiver of any appellate rights.


/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
Chief U.S. Magistrate Judge

Dated: May 11, 2007